# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T. J. WHEELER, | ) CV F 03 5849 WMW HC |
| | ) |
| Petitioner, | ) MEMORANDUM OPINION AND<br>) ORDER RE PETITION FOR WRIT OF<br>) HABEAS CORPUS |
| v. | ) |
| | ) |
| D. RUNNELS, Warden, | ) |
| | ) |
| Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**PROCEDURAL HISTORY**

Following a jury trial in Tulare County Superior Court, Petitioner was convicted of first degree murder, attempted voluntary manslaughter, and discharge of a firearm at an inhabited dwelling. Penal Code Sections 664/192(a), 246. The jury found that Petitioner had personally used a firearm in commission of all of the offenses, Penal Code Sections 12022.5(a), 12023.5(c), (d), and found that Petitioner personally inflicted great bodily injury in the manslaughter attempt, Penal Code Section 12022.7(a). Petitioner was committed to state prison for consecutive life terms.

Petitioner filed a direct appeal to the California Court of Appeal, Fifth Appellate District ("Court of Appeal"). The Court of Appeal affirmed the judgment as modified as to the sentence

1

only in case number F038303.  Petitioner filed a petition for review, which the California Supreme Court denied on April 23, 2003.

## BACKGROUND FACTS

The court finds the Court of Appeal correctly summarized the facts in its February 5, 2003 opinion.  Thus, the court adopts the factual recitations set forth by the Court of Appeal.

## DISCUSSION

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed on Jun 16, 2003, after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with

respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

When the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual

findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

Admission of Hearsay

Petitioner contends that the trial court erred in admitting a hearsay statement by his wife, Gracie Wheeler, that two weeks before the homicide in this case she told Petitioner she recently had a "one-night stand" with the homicide victim. The court found the statement relevant as evidence of a motive to harm the victim, and admitted the statement under Evidence Code section 1230, the exception to hearsay for any "admission against social interest."

The Court of Appeal's opinion is the last reasoned state court opinion on this issue. In rejecting the claim, the Court of Appeal reviewed the background of the social interest exception to the hearsay rule, relevant California case law, and the standard of review to be applied. The court found that the trial court had not abused its discretion in concluding that the statement at issue fell within the stated exception to the hearsay rule set forth in Evidence Code Section 1200. A federal court has no basis for disputing a state's interpretation of its own law. Clemons v. Mississippi, 494 U.S. 738, 739-40 (1990).

The Court of Appeal also addressed Petitioner's contention that admission of Gracie's statement violated his rights under the Confrontation Clause of the Sixth Amendment. The Court of Appeal found Gracie's statement sufficiently trustworthy to satisfy the confrontation clause, whether the matter was reviewed under the abuse of discretion standard or under de novo review. In so doing, the court reviewed the common law roots of the exception to the hearsay rule for declarations against interest, and found that under the particular facts of the case, Gracie had no apparent reason to lie. See People v. Cudjo, 6 Cal.4th 585, 607 (1993) (in analyzing whether a statement passes the threshold of trustworthiness, a trial court may take into considering the circumstances under which the statement was uttered, including the possible motive of the declarant and the declarant's relationship to the defendant).

Although Petitioner argues that California's exception to hearsay for any "admission against social interest" does not adequately reflect contemporary values and that Gracie's statement was not trustworthy enough to be admitted, Petitioner's arguments are mainly policy arguments. Such policy arguments are not properly the subject of a federal habeas corpus petition. Rather, as set forth above, the burden is on Petitioner to show that the adjudication of the claim in the Court of Appeal "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The court finds that Petitioner has not met that burden. Accordingly, the court must conclude that this contention does not provide a basis for habeas corpus relief.

<u>Jury Misconduct</u>

Petitioner contends that the trial court erred in not conducting a more thorough inquiry into alleged jury misconduct, which resulted in the violation of Petitioner's Sixth and Fourteenth Amendment rights to a fair trial, an impartial jury and due process. The Court of Appeal was the last court to issue a reasoned opinion on this issue, and explained in part as follows:

> During deliberations, Wheeler's father approached a juror and asked, "'Excuse me, do you know how long you're going to take?'" The juror "ignored him completely" and returned immediately to the jury room, where she told three other jurors who were already there "just that the gentleman got up and asked [her] a question." The court asked, "You mentioned that somebody had approached you?" "Right, that's all," she replied. "Nothing," she added. The court asked, "Do you have any idea who the gentleman is?" "I don't know," she replied. The court inquired, "Do you think there's anything about what's happened that would affect your ability to be a fair juror?" "No," she replied.
> Out of the juror's presence, the court stated to counsel, "We can do a whole big thing here. I don't want to. Doesn't sound like it was a big thing to the other jurors." The court suggested in an instruction that the juror simply not talk about the gentleman who approached her and just concentrate on her job as a juror. The court asked if counsel had any input. Wheeler's counsel answered, "No, other than we may want to have the hallway cleared." The prosecutor was silent. The court ordered the bailiff to monitor the hallways.
> The court brought the juror back and instructed her "to go back in and just begin deliberating as though nothing had happened" and not to "mention anything more to anybody about what happened or even speculate about it." The juror answered, "That sounds fine." After she returned to the jury room, the court ordered Wheeler's father out of the courthouse for the duration of the trial. The court asked if counsel wanted to put anything on the record. Both counsel answered, "No."

1 Opinion in Case no. F038303, 9 - 10.

2 The Court of Appeal found that under California law, Petitioner had forfeited his right to raise his contention regarding juror misconduct by not requesting additional inquiry at trial. In doing so, it rejected Petitioner's argument that any objection he made at trial would have been futile. On habeas corpus review, a federal court must respect a state court's application of its own law and must not engage in *de novo* review Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

The Court of Appeal stated that although Petitioner's failure to raise a contemporaneous objection eliminated the possibility of appellate review, it would analyze the merits of Wheeler's argument to preclude an ineffective assistance of counsel claim.

Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court. First, petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, [petitioner] must show that the deficient performance prejudiced the defense. Id. at 687.

In the present case, the Court of Appeal first found that by completely ignoring Wheeler's father, the juror complied with both the letter and spirit of the jury instruction telling jurors not to discuss anything about the case with anyone during recesses. Second, the Court of Appeal found that nothing in the record indicated any violation of the instruction that the jurors were to "determine the facts from the evidence received at trial and not from any other source" or the instruction not to "converse among yourselves or with anyone else on any subject connected with the trial" except when all 12 jurors were present in the jury room. The Court of Appeal concluded that the juror's comment neither adversely affected the jury's impartiality nor lightened the prosecutor's burden of proof nor contradicted any asserted defense. Thus, the Court of Appeal further concluded that the court's failure to conduct additional inquiry into possible juror misconduct did not violate Petitioner's constitutional rights to a fair trial, an impartial jury, or due process.

1    Petitioner acknowledges the Court of Appeal's finding that he had forfeited this issue for
2    purposes of appeal, but argues that by stating that it did not want to conduct further inquiry after
3    questioning Juror no. 11, the trial court foreclosed any request by counsel to question the three
4    other jurors to whom Juror no. 11 spoke.  He argues that he therefore did not waive the right to
5    challenge the court's action.  This court finds that argument to be meritless, as the trial court
6    expressly asked counsel for "input" regarding how the matter should be handled.  Thus, the trial
7    court did not foreclose the possibility of questioning the other three jurors.

8    Although Petitioner argues that what occurred in his case amounts to jury misconduct
9    which raises the presumption of prejudice, the Court of Appeal found the juror's comment
10   "neither adversely affected the jury's impartiality nor lightened the prosecutor's burden of proof
11   nor contradicted any asserted defense."  Nothing in Petitioner's arguments demonstrate that this
12   finding  was "contrary to, or involved an unreasonable application of, clearly established Federal
13   law, as determined by the Supreme Court of the United States;" or "resulted in a decision that
14   was based on an unreasonable determination of the facts in light of the evidence presented in the
15   State Court proceeding." 28 U.S.C. § 2254(d).  Similarly, although Petitioner argues that
16   violation of federal constitutional rights mandates reversal absent a finding of harmless error,
17   Petitioner has not established a violation of federal constitutional rights in this case.
18   Accordingly, the court finds that this contention presents no basis for habeas corpus relief.

19   <u>Presentence Custody Credits</u>

20   Petitioner contends that the Court of Appeal erroneously concluded that presentence
21   custody credits are statutorily precluded for non-homicide crimes when the defendant is
22   ultimately convicted of murder.  The Court of Appeal reached this conclusion based on its
23   analysis of Penal Code Section 2933.2.   A federal court has no basis for disputing a state's
24   interpretation of its own law.  <u>Clemons v. Mississippi</u>, 494 U.S. 738, 739-40 (1990).
25   Accordingly, Petitioner's claim that the Court of Appeal misinterpreted a California statute
26   presents no basis for habeas corpus relief.

27   Based on the foregoing, IT IS HEREBY ORDERED that this petition for writ of habeas
     corpus is DENIED.  The Clerk of the Court is directed to enter judgment for Respondent and to
28   close this case.IT IS SO ORDERED.

1  **Dated:  March 28, 2006**                    **/s/  William M. Wunderlich**
   mmkd34                                         UNITED STATES MAGISTRATE JUDGE